# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3672

_____

| | | |
|---|---|---|
| Sherneth Marcia Raffington, | * | |
| | * | |
| Petitioner - Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Mark Cangemi, District Director, | * | District of Minnesota. |
| U.S. Immigration and Customs | * | |
| Enforcement, et al., | * | |
| | * | |
| Respondents - Appellees. | * | |

_____

Submitted: December 15, 2004
Filed: February 4, 2005

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and HANSEN, Circuit Judges.

_____

LOKEN, Chief Judge.

Sherneth Raffington, an alien in custody awaiting removal to Jamaica, appeals the district court's[1] denial of her petition for a writ of habeas corpus. Raffington argues that the government is estopped to remove her because of its frivolous appeal of the Immigration Judge's grant of suspension of deportation, and that the district court erred in failing to consider the merits of her belated claim for relief under the

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Convention Against Torture. We granted the government's motion to expedite the appeal and now affirm.

These proceedings have a long history that we will briefly summarize. Raffington reentered the United States illegally in April 1988. The Immigration and Naturalization Service[2] initiated deportation proceedings (now called removal proceedings) in October 1994. Raffington conceded deportability and applied for suspension of deportation. The Immigration Judge ("IJ") granted suspension of deportation in December 1996, and the INS appealed. In September 2001, the Board of Immigration Appeals sustained the appeal and denied Raffington's application for suspension of deportation, concluding that Raffington was not eligible for suspension because she did not satisfy the seven-year continuous presence requirement.

Raffington did not appeal the BIA's decision. Instead, she filed an application for asylum or withholding of removal and moved to reopen the case and remand to the IJ to consider this new application. The BIA denied that motion, concluding that Raffington failed to present a prima facie case that she will be persecuted upon her return to Jamaica on account of membership in a social group. Raffington appealed the denial of her motion to reopen. We affirmed. Raffington v. INS, 340 F.3d 720 (8th Cir. 2003).

After Raffington was taken into custody pursuant to a warrant of removal, she petitioned for habeas corpus relief. The district court denied relief, concluding that the INS had a good faith basis to appeal the IJ's grant of suspension of deportation and that Raffington's attempt to assert a claim under the Convention Against Torture ("CAT") in her reply brief was untimely. Raffington moved to reopen the case to present her CAT claim. The district court denied leave to file a motion for

---

[2]The agency was renamed the Bureau of Immigration and Customs Enforcement after its transfer to the Department of Homeland Security.

reconsideration because "there is no evidence to suggest that Raffington could obtain relief under the Convention." She appeals both orders. The district court granted a stay pending appeal because removal is likely to cause irreparable injury and Raffington "raises a substantial question as to whether her Convention Against Torture claim has been adequately adjudicated."

1. The Estoppel Claim. Raffington argues that the government is estopped to remove her because the INS appeal of the IJ's order granting suspension of deportation was frivolous. This contention is unsound for many reasons. First, Raffington did not appeal the BIA's denial of suspension of deportation to this court. Under the immigration laws as amended by IIRIRA,[3] an appeal to the court of appeals is the exclusive procedure for obtaining judicial review of removal orders. See 8 U.S.C. § 1252(b). Raffington did appeal the denial of her motion to reopen the removal proceedings to consider a new application for asylum or withholding of removal, but she did not raise the estoppel issue in that appeal. We recognize "that habeas jurisdiction under [28 U.S.C.] § 2241 was not repealed by . . . IIRIRA." I.N.S. v. St. Cyr, 533 U.S. 289, 314 (2001). But St. Cyr granted § 2241 habeas review of an issue of law -- legislative retroactivity -- to an alien who had *no* right to judicial review under IIRIRA. Raffington cites no authority for the broader and more disruptive proposition that habeas relief is available for a claim that could have been raised on direct review of a removal order but was not. The case on which she bases her estoppel claim, Otarola v. INS, 270 F.3d 1272 (9th Cir. 2001), involved direct review of a final order of removal.

Second, we agree with the district court that the INS appeal was not frivolous. IIRIRA modified the suspension-of-deportation criteria by enacting a "stop-time" rule which bars an alien from accruing time toward the continuous presence requirement

[3]The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat 3009-546.

after service of a "notice to appear."  § 240A(d)(1), codified at 8 U.S.C. § 1229b(d)(1).  The statute applied this new rule to "notices to appear issued before, on, or after the date of the enactment of this Act."  IIRIRA § 309(c)(5), 110 Stat 3009-627, set forth at 8 U.S.C. § 1101 note (Supp. II 1997).  After enactment, the INS argued that the stop-time rule should apply to orders to show cause as well as to notices to appear, and that the effective date of the rule was the date of enactment, not six months later like most other IIRIRA provisions.  The IJ rejected this position and granted Raffington suspension of deportation, concluding that the stop-time rule did not apply during the six-month grace period.  Raffington argues the IJ's decision was correct when issued and the INS should not have appealed it, as a divided panel of the Ninth Circuit ruled in Otarola, 270 F.3d at 1275-76, relying on an earlier Ninth Circuit decision.  With due respect, we disagree with the panel majority in Otarola. The INS was well within its authority in pursuing this issue before the BIA despite a contrary Ninth Circuit decision.  Within months of the IJ's decision in this case, the BIA issued an en banc decision agreeing with the INS's interpretation of the new statute.  In re N-J-B-, 21 I. & N. Dec. 812 (1997).  Later that year, Congress amended the statute to validate the N-J-B- decision, which ended the controversy in the agency's favor.  See Nicaraguan Adjustment and Central American Relief Act ("NACARA") § 203, Pub L. No. 105-100, 111 Stat. 2193, 2196 (1997), set forth at 8 U.S.C. § 1101 note; Afolayan v. I.N.S., 219 F.3d 784, 787-88 (8th Cir. 2000).  In these circumstances, the INS decision to appeal the IJ's decision was not frivolous.

Third, even if the INS had filed a frivolous (but ultimately successful) appeal of the IJ's decision, this would not constitute the sort of "affirmative misconduct" that might estop the government to enforce the  immigration laws as enacted by Congress. See United States I.N.S. v. Hibi, 414 U.S. 5, 7-9 (1973).

2. The CAT Claim.  Raffington argues that the district court erred in refusing to consider her request for relief under the CAT because that claim has never been adjudicated on the merits.  At the outset, we seriously doubt whether this claim is

even cognizable in habeas. As ratified by the United States, the CAT is a non-self-executing treaty, which means there is no direct right of action for violation of the treaty, only for violation of any domestic law implementing the treaty. The relevant statute provides that implementation of CAT shall be in accordance with non-reviewable agency regulations, and that judicial review of the denial of CAT relief must be "as part of the review of a final order of removal." Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA") § 2242(d), Pub. L. No. 105-277, 112 Stat. 2681-761, 2681-822, set forth at 8 U.S.C. § 1231 note; see 8 C.F.R. § 208.18(e).

Following the Supreme Court's decision in St. Cyr, four circuits have held that an alien who has no right to judicial review of her removal order under IIRIRA may seek habeas review of the BIA's denial of CAT relief.[4] We are inclined to agree with those decisions. But here, Raffington had a right to judicial review of her removal order. Her application for asylum and withholding of removal raised the CAT issue by stating that she feared torture because, "I will not be allowed medical treatment [in Jamaica]. And to me that is tantamount to torture because it will ultimately cause my death." But in moving to reopen her removal proceedings, she argued only asylum issues. She did not object when the agency denied that motion without discussing the CAT issue, and she did not raise that issue when she appealed to this court. As habeas is not a substitute for direct appeal, as Congress has granted the agency exclusive authority to implement the CAT, and as Raffington failed to present any newly discovered evidence to the district court, habeas relief should not be available.

The district court did not consider these threshold issues. Rather, the court denied Raffington's motion for leave to raise a belated CAT claim because that claim "is too speculative to warrant further proceedings. The Court has reviewed the entire

_____

[4]See Singh v. Ashcroft, 351 F.3d 435 (9th Cir. 2003); Ogbudimkpa v. Ashcroft, 342 F.3d 207 (3d Cir. 2003); Saint Fort v. Ashcroft, 329 F.3d 191 (1st Cir. 2003); Wang v. Ashcroft, 320 F.3d 130 (2d Cir. 2003).

record in this case and there is no evidence to suggest that Raffington could obtain relief under the Convention." After careful review of the record, we agree. Though Raffington may not have access to the same level of public and private mental health care in Jamaica as in the United States, that does not constitute torture within the meaning of the governing CAT regulations. <u>See</u> 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1)-(2).

The judgment of the district court is affirmed.

_____