TRAXLER, Circuit Judge.
I concur in parts I, II and III of Judge Stamp’s opinion, as well as the result reached in Part IV. However, I would reject Atuar’s argument that the lower court violated Article 15 of the Convention Against Torture (“CAT”) on the grounds that the CAT is not self-executing.
“International treaties are not presumed to create rights that are privately enforceable” in the absence of implementing legislation from Congress. Goldstar (Panama) S.A. v. United States, 967 F.2d 965, 968 (4th Cir.1992). A self-executing treaty is one that “evidences an intent to provide a private right of action,” id., and therefore does not require “domestic legislation ... to give [it] the force of law in the United States,” Trans World Airlines, Inc. v. Franklin Mint Corp., 466 U.S. 243, 252, 104 S.Ct. 1776, 80 L.Ed.2d 273 (1984). Conversely, non-self-executing treaties “do not create judicially-enforceable rights unless they are first given effect by implementing legislation.” Auguste v. Ridge, 395 F.3d 123, 132 n. 7 (3d Cir.2005); see United States v. Thompson, 928 F.2d 1060, 1066 (11th Cir.1991) (“[A] treaty must be self-executing in order for an individual citizen to have standing to protest a violation of the treaty.”).
On October 27, 1990, when the Senate adopted a resolution of advice and consent to ratification of the CAT, it appended a declaration that the provisions of articles 1 through 16 of the CAT are not self-executing. See 136 Cong. Rec. S17486-01, S17492 (1990). This declaration reflected the intent of the executive branch as well. President Reagan, who signed the CAT, sent the treaty to the Senate for approval with a statement that “any further implementation” should be left “to the domestic legislative and judicial process” and recommended that the Senate therefore adopt a declaration “that the provisions of Articles 1 through 16 of [the CAT] are not self-executing.” See Ogbudimkpa v. Ashcroft, 342 F.3d 207, 212 (3d Cir.2003) (recounting ratification history of the CAT). Thus, I would conclude that the CAT is not self-executing. See, e.g., Raffington v. Cangemi, 399 F.3d 900, 903 (8th Cir.2005); Castellano-Chacon v. INS, 341 F.3d 533, 551 (6th Cir.2003); Saint Fort v. Ashcroft, 329 F.3d 191, 202 (1st Cir.2003). Unlike Article 3 of the CAT, which Congress implemented by passing the Foreign Affairs Reform and Restructuring Act of 1998, see Auguste, 395 F.3d at 132-33, Article 15 does not have implementing legislation. As a result, I would hold that Atuar may not seek judicial enforcement of his CAT claim.